UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE ESTATE OF JOSIE A. WILLIAMS, Deceased, ROBERT L. WILLIAMS, Personal Representative, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:06-cv-48-SEB-WGH |
| IOWA PIPELINE ASSOCIATES, INC., formerly known as KLP CONSTRUCTION COMPANY, INC., ENSTRUCTURE CORPORATION and SEMCO ENERGY,  INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| ——————————————————— | ) ) | |
| SOUTHERN INDIANA GAS & ELECTRIC COMPANY, INC., d/b/a VECTREN ENERGY DELIVERY OF INDIANA, INC., | ) ) ) ) | |
| Cross-Claimant, | ) ) | |
| v. | ) ) | |
| IOWA PIPELINE ASSOCIATES, INC., formerly known as KLP CONSTRUCTION COMPANY, INC., ENSTRUCTURE CORPORATION and SEMCO ENERGY, INC., | ) ) ) ) ) | |
| Cross-Claim Defendants. | ) ) | |
| ——————————————————— | ) ) | |
| SOUTHERN INDIANA GAS & ELECTRIC COMPANY, INC., d/b/a VECTREN ENERGY DELIVERY OF INDIANA, INC., | ) ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| SEMCO IOWA CONSTRUCTION COMPANY, SEMCO CONSTRUCTION PARENT COMPANY and INFRASOURCE UNDERGROUND CONSTRUCTION, LLC, | ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

## SUPPLEMENTAL ORDER
## ON MOTION TO COMPEL DISCOVERY

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion to Compel Discovery filed by Southern Indiana Gas & Electric Company, Inc., d/b/a Vectren Energy Delivery of Indiana, Inc. ("Vectren"), on April 13, 2007.  (Docket Nos. 54-55).   Iowa Pipeline Associates, Inc., formerly known as KLP Construction Company, Inc., *et al.* ("Iowa Pipeline"), filed a Response on April 30, 2007.  (Docket No. 56).  Vectren filed a Reply in Support on May 7, 2007.  (Docket No. 59).  A telephonic hearing was held before the Magistrate Judge on May 29, 2007, at 4:00 p.m.  On June 6, 2007, the court granted the Motion to Compel Discovery, in part, but reserved a decision on item 16 involved in the motion until an *in camera* review could be completed.  Iowa Pipeline filed Privilege Log Item No. 16 along with a Supplemental Memorandum Supporting Non-production of Privilege Log Item No. 16.  (Docket No. 68).  Vectern filed a Response in Opposition to Iowa Pipeline's Supplemental Memorandum.  (Docket No. 71).  The Magistrate Judge denied Vectren's Motion to Strike Iowa Pipeline's Supplemental Memorandum. (Docket Nos. 72, 76).

The Magistrate Judge, being duly advised, now **DENIES** the Motion to Compel as to Privilege Log Item No. 16.

In the matter currently pending before the court, Vectren has brought a cross-claim against Iowa Pipeline alleging that under the terms of a particular contract between the parties, Iowa Pipeline must indemnify Vectren for any damages assessed against Vectren and for certain expenses in the defense of the principal action involving the death of Josie A. Williams during an explosion in her home.  In

response to a request for production of documents served by Vectren, Iowa Pipeline produced some of the responsive documents, but withheld others pursuant to a privilege log.

The dispute in this case concerns the parties' interpretations of certain language in an indemnification agreement.  Vectren believes that it is relevant to this inquiry that on a prior occasion and under a contract with the same or very similar language, Iowa Pipeline indemnified Vectren in the past.  Specifically, in litigation which the parties jointly refer to as the "Hydromax litigation," Iowa Pipeline retained an attorney – Bryan S. Rudisill – to represent the interests and to defend both Iowa Pipeline and Vectren in the Hydromax litigation.  Vectren believes that instructions written from Iowa Pipeline's counsel to Mr. Rudisill are instructive as to the interpretation of the indemnity clause at issue before this court and are reasonably calculated to lead to the discovery of admissible evidence.  The Magistrate Judge has concluded that Vectren has demonstrated that what it seeks to discover does fit the definition of relevancy for purposes of discovery.  Therefore, the documents written by Iowa Pipeline and its agents and attorneys are relevant and must be produced unless there is a privilege which applies.

In this case, Iowa Pipeline has argued that both the attorney-client privilege and the attorney work product doctrine apply to prohibit disclosure.

The facts which are germane to this issue are as follows:

1.  Sometime in 2003, in the context of another lawsuit, an entity known as Given & Spindler Management Company, Inc., brought a third-party claim against

Iowa Pipeline and Vectren.[1]  This suit will hereinafter be referred to as the Hydromax

litigation.

2.  Attorney Steven H. Krohn, who is a privately retained (not in-house)

counsel for Iowa Pipeline, wrote a letter dated July 29, 2003, to Mr. Rudisill which

instructed Mr. Rudisill to enter an appearance on behalf of Iowa Pipeline and

Vectren in the Hydromax litigation.  Mr. Krohn's letter contains some conclusory

statements concerning the relationship between Iowa Pipeline and Vectren and

indicated that attached to the letter were copies of 11 pages of notes, letters and

statements that relate to the claims at issue in the Hydromax litigation.[2]

3.  On July 30, 2003, Vectren confirmed with Mr. Rudisill that he was serving

as Vectren's counsel in the Hydromax litigation.

4.  Mr. Rudisill entered his appearance for both Iowa Pipeline and Vectren in

the Hydromax litigation by not later than August 5, 2003.

In a prior order, this Magistrate Judge concluded that the Hydromax litigation

presented a circumstance in which Iowa Pipeline and Vectren shared a "common

interest" in the defense of the Hydromax litigation and then had a "falling out."  In

the Seventh Circuit, the case of *Simpson v. Motorists Mutual Inc. Co.,* 494 F.2d 850,

855 (7th Cir. 1974), provides:

---

[1]Both Iowa Pipeline and Vectren have gone through various changes in corporate
structure during the times at issue.  For purposes of simplicity, the court has taken
significant liberties with the corporate structure and referred to the parties as "Vectren"
and "Iowa Pipeline" throughout this opinion.

[2]The 11 pages of notes, letters and statements that relate to the claims were not
attached to the *in camera* materials filed with the court and, therefore, have not been
reviewed by the Magistrate Judge.

> [W]here the same attorney represents two parties having a common
> interest, and each party communicates with the attorney, the
> communications are privileged from disclosure at the instance of a third
> person.  Those communications are not privileged, however, in a
> subsequent controversy between the two original parties.

In the Hydromax litigation, Vectren and Iowa Pipeline shared a common interest in defending claims against both arising out of a single incident.  There is now specific litigation between Iowa Pipeline and Vectren – a clear "falling out" – which renders the parties' prior understanding of their indemnity agreement relevant in the current litigation.

Having concluded that the attorney-client privilege does not apply in this "common interest – falling out" context described in *Simpson,* Privilege Log Item No. 16, although written one day before Mr. Rudisill formally confirmed his entry of appearance on behalf of Vectren in the Hydromax litigation, is clearly intended to convey information to Mr. Rudisill to be used in the common defense (e.g., the letter contained attachments which were intended to be used in the Hydromax litigation).  This Magistrate Judge must conclude that the letter at Privilege Log Item No. 16 is not protected from disclosure by the attorney-client privilege.

Iowa Pipeline also argues that the attorney work product doctrine applies and should result in a decision to withhold this document from disclosure.  Federal Rule of Civil Procedure 26(b)(3) governs this issue.

Under Federal Rule of Civil Procedure 26(b)(3), Vectren may obtain discovery of a document otherwise discoverable and prepared in anticipation of litigation by or for another party only upon a showing that the party seeking the discovery has

substantial need of the materials in preparation of its case and that Vectren is unable to – without undue hardship – obtain the substantial equivalent of the materials by other means.  Under this rule, "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

The first issue to be discussed is whether the July 29 letter directing Mr. Rudisill to enter an appearance in the Hydromax litigation on behalf of Iowa Pipeline and Vectren is a document prepared "in anticipation of litigation."

The Magistrate Judge notes that Mr. Krohn's letter was prepared in anticipation of the Hydromax litigation, but not in anticipation of the case at bar. Although we find no definitive Seventh Circuit precedent, most cases indicate that materials prepared in anticipation of one piece of litigation retain the protection of the work product rule in subsequent litigation.  *See Jumper v. Yellow Corp.,* 176 F.R.D. 282 (D.C. Ill. 1997).

It is also clear that the materials enclosed in the letter and the letter itself are materials and information clearly produced in anticipation of the Hydromax litigation – indeed that suit had been filed when the letter was written.

Therefore, the letter at issue falls within the rule's definition of work product produced in anticipation of litigation, and the burden then shifts to Vectren to show that it has substantial need for the materials and that it cannot, without undue expense, obtain the substantial equivalent of the materials.

Has Vectren shown that it has a substantial need for this information?  This Magistrate Judge concludes that the opinion of Iowa Pipeline's outside counsel

about the effect of indemnification language in this case, and his action in conformance with that understanding, certainly could be evidence of the parties' intent on entering into the contract and the course of performance under the contract.  Should this court find the indemnity language to be ambiguous and require extrinsic evidence to be produced, Vectren could be expected to have some need for this information.  However, Vectren can certainly establish the course of dealings of the parties by reference to other documents in the public record. Specifically, all of the steps taken by Mr. Rudisill in the Hydromax litigation establish that on at least this prior occasion Iowa Pipeline did provide Vectren with indemnity and defense.  The Magistrate Judge concludes that while a showing of some need has been made here, the need is not "substantial" as the rule requires.

If the Magistrate Judge should have concluded that Vectren's need was substantial in this case, has Vectren shown that it will be unable to obtain the substantial equivalent of this evidence without undue expense?  Certainly the alternative to production of this document would require Vectren to attempt to depose Mr. Krohn – although that procedure may only serve to cast this dispute over the disclosure of his opinions in a slightly different context.  Vectren might also seek the opinion on the meaning of the language from some other attorney who frequently deals with this issue as expert testimony.  However, that is also a considerable expense.

However, in the end, even if this court could conclude that Vectren has a substantial need and cannot obtain the equivalent evidence without substantial additional cost, Federal Rule of Civil Procedure 26(b)(3) requires that this court

protect the "mental impressions, conclusions, opinions, or legal theories of an attorney" – and that is precisely what Vectren seeks here.  Vectren seeks the opinion of Mr. Krohn as to the legal effect of the contract between Iowa Pipeline and Vectren on the issue of indemnity.  The rule requires protection of that opinion, and that protection is appropriate for this document.

## Conclusion

As to Privilege Log item 16, the Magistrate judge concludes that the item is not protected by the attorney-client privilege.  However, the document does fall within work product doctrine protection.  In this case, Vectren has not demonstrated substantial need for the document, but even if its need could be found to be "substantial," the overriding requirement of Federal Rule of Civil Procedure 26(b)(3) that protects against the disclosure of mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of a party should apply here. The motion to compel as to this item is **DENIED.**

You are hereby notified that the District Judge may reconsider any pre-trial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:**  July 19, 2007

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Norman T. Funk
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
tom@hfmfm.com

Laura L. Pamplin
VECTREN CORPORATION
llpamplin@vectren.com

Kevin C. Schiferl
LOCKE REYNOLDS LLP
kschiferl@locke.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Robert L. Simpkins
robert@simpkinslaw.com

Emily Dawn Smith
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
emily@hfmfm.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com