**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **ESTATE OF JOSIE A. WILLIAMS,** *Deceased, Robert L. Williams, personal Representative,* | ) ) ) |
| | )     **3:06-CV-48-SEB-WGH** |
| **Plaintiff,** | ) ) |
| vs. | ) ) |
| **IOWA PIPELINE ASSOCIATES, INC.,** *formerly known as KLP Construction Company, Inc.*, **ENSTRUCTURE CORPORATION** *n/k/a Semco construction Parent Company,* **SEMCO ENERGY, INC.,** | ) ) ) ) ) ) |
| **Defendants** | ) ) ) |
| **SOUTHERN INDIANA GAS & ELECTRIC COMPANY, INC.,** *d/b/a Vectren Energy Delivery of Indiana, Inc.,* | ) ) ) ) |
| **Third Party Plaintiff,** | ) ) |
| v. | ) ) |
| **IOWA PIPELINE ASSOCIATES, INFRA SOURCE UNDERGROUND CONSTRUCTION, LLC, SEMCO CONSTRUCTION PARENT COMPANY, SEMCO IOWA CONSTRUCTION COMPANY,** | ) ) ) ) ) ) ) |
| **Third Party Defendants,** | ) ) |
| **SOUTHERN INDIANA GAS & ELECTRIC COMPANY, INC.** *d/b/a Vectren Energy Delivery of Indiana, Inc.* | ) ) ) ) |
| **Cross Claimant,** | ) ) |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| **IOWA PIPELINE ASSOCIATES, INC.,** | ) |
| *formerly known as KLP Construction* | ) |
| *Company, Inc.*, **ENSTRUCTURE** | ) |
| **CORPORATION** *n/k/a Semco Construction* | ) |
| *Parent Company,* **SEMCO ENERGY, INC.,** | ) |
|  | ) |
| **Cross Defendant.** |  |

## ENTRY ON PENDING MOTIONS

Three motions pend before us in this matter. The first of the three motions is a Motion for Summary Judgment (Doc. #97) filed on behalf of Crossclaim Defendants, Enstructure Corporation ("Enstructure")and Semco Energy, Inc. ("Semco Energy) as well as on behalf of Third-party Defendant, Infra Source Underground Construction, LLC (Infra Source). Subsequent to the filing of the summary judgment motion, Crossclaim and Third-party Plaintiff, Southern Indiana Gas & Electric Company, Inc. d/b/a Vectren Energy Delivery of Indiana, Inc. ("Vectren"), filed a Motion to Amend Crossclaims (Doc. #110) which it thereafter withdrew and substituted its Amended Motion to Amend Cross-Claims (Doc #112). The final of the three pending motions is Vectren's Motion to Supplement Designation of Evidence (Doc. #119).

This case arises out of an April 3, 2004 natural gas explosion in Evansville, Indiana, the details of which are described in detail in our order of March 28, 2007 (Doc. #53). The claims of the Plaintiff, the estate of one of the two people killed in the explosion, have been settled. What remains in this litigation is Vectren's effort to recoup

from others what it has paid to settle the explosion related claims made against it, which Vectren pursues through its crossclaims and third-party claims.

*Background*

Vectren supplies natural gas to homes and businesses in the Evansville, Indiana, area. In 2001, KLP Construction Company, Inc. ("KLP") provided certain construction services to Vectren in connection with the updating of its gas service lines. Vectren asserts that the explosion that occurred in April of 2004 was due in whole or in part to a failure of KLP to complete the construction work according to the dictates of the contract between them and that it is entitled to indemnity under that contract. A series of corporate mergers and acquisitions complicates the analysis of that contract. Before the explosion, but after it had completed its work on the project, KLP merged with Iowa Pipeline Associates, Inc. ("Iowa Pipeline") and Iowa Pipeline became the surviving entity which also assumed the obligations of KLP. Prior to the sale of the bulk of its assets in September 2004 to Infra Source, Iowa Pipeline was wholly owned by Enstructure, which, in turn, was wholly owned by Semco Energy. Following the asset sale, Iowa Pipeline became Semco Iowa Construction Co., Enstructure became Semco Construction Parent Company, Inc. ("Semco Construction Parent") and, later, those two companies merged leaving Semco Construction Parent the surviving entity. We are informed that Semco Construction Parent will be dissolved following the sorting out of various tax issues connected with the sale of Iowa Pipeline's assets and the assets of two other construction

companies which Semco Energy and Enstructure simultaneously sold to Infra Source.

Enstructure was the wholly owned subsidiary of Semco Energy, which was and remains the parent of several other wholly owned corporations, most of which are engaged in some fashion in the energy and utility industries.  Many of those wholly owned subsidiary companies, including Iowa Pipeline, share the same officers and members of their boards of directors as Semco Energy.  The three corporations which were under Enstructure's umbrella -  Iowa Pipeline, Flint Construction Company and Subsurface Construction Company - were construction service companies and, as of 2002, the group was losing money.  In fact, Semco Energy had loaned Iowa Pipeline millions of dollars to keep it operational.  Each of the three construction companies was a separate corporate entity.  At one point, Enstructure brought in a new manager in an attempt to revitalize the construction companies, but that effort was soon abandoned and, in December of 2003, the Semco Energy Board decided to divest itself of Enstructure and the construction affiliates organized under it.  Semco Energy hired a consultant to seek a buyer who would be interested in acquiring all three companies.  That consultant led them to Infra Source, who simultaneously entered into three asset purchase agreements to acquire the assets, but not all liabilities, of the three construction service companies under the Enstructure umbrella: Iowa Pipeline, Flint Construction Company and Subsurface Construction Company.

At the insistence of Infra Source, the parent companies, Semco Energy and Enstructure, were made parties to the purchase agreement for the assets of Iowa Pipeline. The sale of Iowa Pipeline's assets netted $3,252,280, which, according to Semco Energy's general counsel, was below the company's then current "book value" of $5,659,417. The proceeds from the sale were used to pay down the more than $8,000,000 in loans which Semco Energy had made to Iowa Pipeline, the effect of which was to leave the surviving entity, Semco Construction Parent, with only a few thousand dollars in cash as its only asset.

*Amended Motion to Amend Crossclaims*

Vectren's amended crossclaims against Iowa Pipeline, Enstructure and Semco Energy assert claims of failure to indemnify and provide insurance, negligence, fraud and breach of contract. Vectren seeks to amend paragraph 15 of its Amended Crossclaims so as to allege that Enstructure and Semco Energy were the alter ego of Iowa Pipeline and, consequently, subject to liability through the piercing of their corporate veils. Without the requested amendment, paragraph 15 contends only that Enstructure and Semco Energy are responsible for the liability of Iowa Pipeline "as successors in interest by merger, assumption of liabilities, and/or continued operation of business activities." Crossdefendants have responded to existing paragraph 15 of the crossclaim by admitting that Semco Construction Parent, as Enstructure's survivor, has merged and assumed the liabilities of Iowa Pipeline. Semco Construction Parent is a third-party defendant to

5

Vectren's Third-Party Complaint, which sets forth claims identical to those raised in Vectren's Amended Crossclaims. Semco Construction Parent is not seeking summary judgment.

Vectren argues that the issue of "piercing the veil" has been addressed in the briefing of the parties on the summary judgment motion filed by Enstructure and Semco Energy and, therefore, if the Court were to allow such an amendment, it would simply conform the pleadings to the evidence and arguments submitted for disposition by the Crossdefendants. Vectren also points out that discovery on the issue of corporate relationships was not completed until after the filing of the summary judgment motion and therefore it was without the full range of information necessary to understand the relationship between the various companies operating or existing under the Semco umbrella at the time it filed its Amended Crossclaims.

Enstructure and Semco Energy object to the proposed amendment, arguing that it comes too late in the game. They initially contend that Vectren had sufficient knowledge to have raised its veil-piercing argument earlier in the proceedings, but continue by arguing the merits of the veil-piercing issue. While the Crossdefendants agree with Vectren that the veil-piercing issue has been briefed and its merits await our decision on their summary judgment motion, they also maintain that, if the Court were to allow Vectren to further amend its crossclaims, such an amendment would be premature and a waste of time. We disagree with that assessment. The issue has been briefed and is

6

before us for resolution; no prejudice exists to any party; therefore the pleadings should reflect those issues.  Fed. R. Civ. P. 15(b).  Accordingly, we grant Vectren's motion to amend its crossclaims.

*Motion to Supplement Designation*

Vectren also seeks to supplement the record for purposes of summary judgment, by adding discovery responses from Iowa Pipeline and Semco Energy which were received subsequent to the filing of its response to the summary judgment motion by Crossdefendants.  In addition, it seeks to submit an insurance cancellation endorsement which was produced during discovery.  The motion is unopposed and we see no reason to deny it.  Accordingly, the motion to supplement the record is granted.

*Summary Judgment Motion*

Generally, a parent corporation is not liable for the acts of its subsidiaries. *McQuade v. Draw Title, Inc.*, 659 N.E.2d 1016, 1020 (Ind. 1995).  On that basis, Enstructure and Semco Energy move for summary judgment in their favor on Vectren's crossclaims.  They also contend that there  is no basis upon which Vectren can pierce the corporate veil.  Infra Source also moves for summary judgment on Vectren's third-party claim against it, claiming that it did not purchase or assume the contract between Iowa Pipeline or KLP and Vectren.  In response, Vectren concedes that its claim against Infra Source cannot survive; thus, summary judgment in favor of Infra Source shall enter.

However, Vectren contends that there is sufficient evidence of record to support its claim that Enstructure and Semco Energy operated Iowa Pipeline as an alter ego and that those entities are liable for its obligations.

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The motion should be granted so long as no rational fact finder could return a verdict in favor of the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Our ruling on a motion for summary judgment is akin to that of a directed verdict. The essential question for a court in both instances is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The party bearing the burden of proof on an issue at trial and opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir.1999). The moving party need not positively disprove the opponent's case; rather, it may prevail by establishing the lack of evidentiary support for that case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

This case was removed to federal court from state court on the basis of diversity jurisdiction and the parties are in agreement that Indiana substantive law applies in

resolving the pending summary judgment motion.  Under Indiana law, piercing the corporate veil is an equitable doctrine that is reluctantly invoked only to prevent fraud or unfairness.  *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994).  The party seeking to pierce the corporate veil bears the burden of proving that "the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice." *Id.*  While often a fact-sensitive inquiry, if there is no basis for its application, a trial court ordinarily declines to enforce the doctrine.  *Massey v. Conseco Services, L.L.C.,* 879 N.E.2d 605, 607 (Ind. App. 2008).

In *Aronson*, the Indiana Supreme Court directs that, in deciding whether a basis exists for piercing the corporate veil, a determination must be made as to whether the party with the burden of establishing the appropriateness of doing so has provided evidence showing: (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form. *Aronson,* 644 N.E.2d at 867.  These criteria are not exclusive and, when considering an instance where the question is whether a corporation should be held liable for the debt of a closely related corporation, other

9

factors may be considered as well, such as similarity in corporate names and business purposes as well as common offices, directors, officers and employees. *Four Seasons Mfg., Inc. v. 1001 Coliseum, LLC*, 870 N.E.2d 494, 504-05 (Ind. App. 2007). But, we repeat for emphasis: this analysis is to be engaged in only "to protect third parties from fraud or injustice when transacting business with a corporate entity." *Id.* at 504.

Vectren contends that Iowa Pipeline was undercapitalized because, by December of 2002, shortly before its January 1, 2003, merger with KLP, it had a negative net equity due to the sizeable debt it owed on loans it had received from its indirect parent, Semco Energy, and continued to have a negative net equity up to the point that it was sold. However, Vectren provides no evidence that Iowa Pipeline was undercapitalized when it was incorporated, which is the critical point in time for this determination. *Community Care Centers, Inc. v. Hamilton,* 774 N.E.2d 559, 565 (Ind. App. 2002). Unless some major shift in the size or the nature of a corporation's business occurs, a corporation adequately capitalized at its inception does not become undercapitalized for purposes of conducting a veil-piercing analysis simply because it suffers subsequent financial misfortune and falls into debt along the way. *Id.*

Furthermore, the contractual indemnity that Vectren seeks to enforce arises out of a provision in a contract between Vectren and KLP and there is no indication based on this contract that KLP was restricted from merging with another corporation, such as it did with Iowa Pipeline. Nor is there evidence that the contract provided Vectren with the

ability to tap into the resources of any companies related to KLP or its successor entities. Capitalization, as analyzed in terms of the propriety of piercing the corporate veil, is a factor of considerably less significance in a case rooted in contract than in tort, especially where no assertion of fraud has been made. *Cf. Bartle v. Home Owners Co-op.*, 127 N.E.2d 832 (N.Y. 1955). Clearly, Vectren had the ability to seek greater protection under the terms of its contract with KLP, but we infer was satisfied with the level of protection provided by the contract at the time it was entered into.

According to Vectren, the fact that Semco Energy made loans to its corporate subsidiary and negotiated the key elements of its sale is evidence of the commingling of the corporations' assets and affairs. Notably, Vectren cites no court decisions in which loans from a parent to a subsidiary corporation or even the substantial involvement in the sale of its assets constitute "commingling." In contrast, Enstructure and Semco Energy rely on the holding in *Oliver v. Pinnacle Homes, Inc.*, 769 N.E.2d 1188 (Ind. App. 2002), where the court made clear that the loan of money from a shareholder to the corporation does not create a question of fact regarding the commingling of assets. *Id.* at 1194. If there were evidence that the Crossdefendants were sharing bank accounts or that either of the entities routinely assumed the responsibilities of any of the others, a commingling issue might arguably arise. But none exists in this record.

Finally, Vectren points to the commonality of officers and directors between Semco Energy, Enstructure and Iowa Pipeline and notes the involvement of those

11

individuals in negotiating the asset sale as well as the signature of one of those officers on the documents in his joint capacity for all three entities. Vectren further asserts that the sale of Iowa Pipeline for a price well below its book value and the resultant application of nearly all the sale proceeds to pay down the loans from Semco Energy was somehow suspicious and improper. But there Vectren's analysis ends, with no attempt to connect up this broad suspicion and speculation with other relevant evidence that might establish that the corporate veil fairly should be pierced. There are scores of legitimate reasons, accounting and otherwise, that a company might be sold for a price below its book value. Vectren does not address, never mind rule out any potential legitimate reason and in fact fails to go beyond the mere questioning of why the sale price did not more closely proximate book value. This shallow analysis does not suffice in terms of sustaining its burden. Further, if over a period of years, Semco Energy loaned Iowa Pipeline money to pay its creditors, we see no reason that Semco Energy should not be repaid from the proceeds of the Iowa Pipeline asset sale so long as no secured creditors or others whose interests supercede those of Semco Energy were left without recourse.

Taking a detached view of the circumstances presented here, we discern no reason to invoke our equitable powers. There is not even the slightest hint of fraud raised here and Vectren, far from being a novice, cannot convincingly claim that it was deceived or hoodwinked by these transactions. Semco Energy made the decision to divest itself of its construction-related affiliates long before the explosion occurred in Evansville, and

nothing suggests that the contract between KLP and Vectren or any potential indemnity obligation on the part of Iowa Pipeline impacted the decisions made with regard to the sale of Iowa Pipeline.  The issue of whether Vectren is entitled to indemnity remains unresolved, but, if it is eventually determined that Vectren is entitled to such indemnity and that the insurance or assets of Iowa Pipeline or its successor are insufficient to cover that obligation, Vectren's only recourse will be in the form of hard lessons learned, which hopefully it can apply with greater benefit to itself  the next time it enters into a similar contract.

*Conclusion*

For the reasons explicated above,  Vectren's Amended Motion to Amend Cross-Claims (Doc #112) is GRANTED, with the result that the Court deems Crossclaim Defendants' existing answer and motion for summary judgment to apply to Vectren's Second Amended Crossclaims.  Vectren's Motion to Supplement Designation of Evidence (Doc. #119) is also GRANTED.  Finally, the Motion for Summary Judgment (Doc. #97) filed on behalf of Crossclaim Defendants Enstructure and Semco Energy and Third-Party Defendant Infra Source is GRANTED.

IT IS SO ORDERED   04/29/2008

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Norman T. Funk
HILL FULWIDER MCDOWELL
FUNK & MATTHEWS
tom@hfmfm.com

Laura L. Pamplin
VECTREN CORPORATION
llpamplin@vectren.com

Kevin C. Schiferl
LOCKE REYNOLDS LLP
kschiferl@locke.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL &
SHOULDERS
pshoulders@zsws.com

Robert L. Simpkins
robert@simpkinslaw.com


Emily Dawn Smith
HILL FULWIDER MCDOWELL
FUNK & MATTHEWS
emily@hfmfm.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL &
SHOULDERS
kvonderahe@zsws.com