## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | |
|---|---|
| **ESTATE OF JOSIE A. WILLIAMS,** *Deceased, Robert L. Williams, personal Representative,* | ) ) ) ) |
| **Plaintiff,** | ) 3:06-CV-48-SEB-WGH ) ) |
| vs. | ) ) |
| **IOWA PIPELINE ASSOCIATES, INC.,** *formerly known as KLP Construction Company, Inc.*, **ENSTRUCTURE CORPORATION** *n/k/a Semco Construction Parent Company*, **SEMCO ENERGY, INC.,** | ) ) ) ) ) ) ) |
| **Defendants** | ) ) |
| **SOUTHERN INDIANA GAS & ELECTRIC COMPANY, INC.,** *d/b/a Vectren Energy Delivery of Indiana, Inc.*, | ) ) ) ) |
| **Third Party Plaintiff,** | ) ) |
| v. | ) ) |
| **IOWA PIPELINE ASSOCIATES, INFRA SOURCE UNDERGROUND CONSTRUCTION, LLC, SEMCO CONSTRUCTION PARENT COMPANY, SEMCO IOWA CONSTRUCTION COMPANY,** | ) ) ) ) ) ) ) |
| **Third Party Defendants,** | ) ) |

|  |  |
|---|---|
| SOUTHERN INDIANA GAS & ELECTRIC COMPANY, INC. *d/b/a* *Vectren Energy Delivery of Indiana, Inc.* | ) ) ) ) ) |
| **Cross Claimant,** v. | ) ) ) ) |
| IOWA PIPELINE ASSOCIATES, INC., *formerly known as KLP Construction Company, Inc.*, ENSTRUCTURE CORPORATION *n/k/a Semco Construction Parent Company,* SEMCO ENERGY, INC., | ) ) ) ) ) ) ) ) |
| **Cross Defendant.** | ) |

## ORDER SETTING MATTER FOR BENCH TRIAL

This matter is before the Court on Crossclaim Defendant Iowa Pipeline Associates, Inc.'s ("Iowa Pipeline") Motion to Vacate Jury Trial in Light of Missing Jury Trial Demand (Doc. #160). The motion seeks a change in the nature of the trial of this case, currently set for January 26, 2009, from a jury trial to a bench trial, based on the fact that Crossclaimant and Third-Party Plaintiff, Southern Indiana Gas & Electric Company, Inc. D/b/a/ Vectren Energy Delivery of Indiana, Inc. ("Vectren"), did not file a jury demand. As we shall explain below, we find merit in Iowa Pipeline's motion and, therefore, grant it, and set this matter for trial to the Court rather than to a jury.

2

*Procedural History*

This case originated in state court, when the Estate of Josie Williams filed a wrongful death action in the Vanderburgh Superior Court on March 31, 2005, against numerous defendants, including Iowa Pipeline and Vectren. The case arose out of a natural gas explosion that occurred at a residence, killing two individuals and injuring several others. A jury demand was included in the original Complaint at the time it was filed; the amended complaint also contained a jury demand. Vectren answered the First Amended Complaint and asserted crossclaims against several co-defendants, including Iowa Pipeline. No jury demand was ever filed by Vectren relating to its crossclaims.

After the First Amended Complaint was filed, negotiations resulted in a settlement between Plaintiffs and Vectren, pursuant to which Vectren was dismissed without prejudice as a defendant in this litigation. A Second Amended Complaint was filed, still in state court, requesting a jury trial on Plaintiffs damage claim only against Iowa Pipeline or its predecessors and successors in interest, Plaintiff having settled with all other original defendants. This was the shape of the case when it was removed to federal court; Iowa Pipeline thereafter answered the Second Amended Complaint, asserting, among other defenses, the negligence of others, including Vectren.

Though no longer a defendant in the action, Vectren sought to obtain indemnity and contribution to its settlement amount paid to the Estate of Josie Williams as well as

others who had asserted claims in other lawsuits.  Because it was no longer a defendant, Vectren moved the Court for permission to intervene or be denominated as a defendant for purposes of advancing an amended crossclaim against Iowa Pipeline and its successors or predecessors, and to filed a third-party complaint.  Vectren also alerted us to the fact that it had contemporaneously filed a separate action in our district against Iowa Pipeline and its predecessors and successors as an alternative means of pursuing indemnity and breach of contract, though it preferred to be granted leave to re-enter this litigation.  Tellingly, no jury demand was made in connection with Vectren's separately filed action; and, after we granted Vectren's request to be denominated a defendant in this case for the limited purposes of pursuing its crossclaims and third-party claims, no jury demand was made in conjunction with Vectren's Amended Crossclaim or Third-Party Complaint.  After the Court permitted Vectren to appear again in this case, Vectren withdrew the separate lawsuit it had prophylactically filed.

   Eventually, Plaintiff settled with Iowa Pipeline as well, leaving for trial only Vectren's Amended Crossclaim and Third-Party Complaint.  Based on Plaintiff's demand for a jury trial, the docket for this matter has always reflected that the trial would be by jury.  Iowa Pipeline now requests a bench trial instead of a jury trial, noting that Vectren never requested a jury trial in connection with its crossclaims and third-party claims.  Vectren rejoins that it relied upon the original jury demand made by the Plaintiff in this case and that both the Indiana Trial Rules and applicable caselaw support its right to a

4

jury trial. We have examined those authorities in light of the facts in play here and are not convinced by Vectren's argument.

When the Estate filed its jury demand in connection with its Second Amended Complaint, it did so according to Indiana's procedural rules, specifically, Indiana Trial Rule 38(C), which provides that a proper jury demand made by any party upon issues triable by jury as of right may be relied upon by other parties entitled to a jury trial on those same issues. Vectren contends that its claims of negligence and breach of contract against Iowa Pipeline are the same "issues" which would have been tried to a jury, had Plaintiff not settled all its claims. Vectren paints with a very broad brush in describing its "issues" as identical to those asserted by the Estate of Josie Williams. However, we need not engage in a comparison of the details of those "issues" in reaching our decision because, at the time the jury demand was made on the Second Amended Complaint, Vectren was no longer a defendant. In *Marcella v. Brandywine Hospital*, 47 F.3d 618 (3rd Cir. 1995), which Vectren cites as support for its argument, the plaintiff sought to rely on a jury demand made in state court by certain defendants who were later dismissed. There the Plaintiff and the remaining defendant had always been parties to the complaint at issue. *Id*. at 621. That is an important distinction. And, while a timely jury trial demand in state court may suffice to guarantee a plaintiff the right to a trial by jury when the case is later removed to federal court, it does not carry the same guarantee for third-parties. 9

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2318, n.16 (3d ed. 2008).

A closely analogous circumstance occurred in *Aligheri v. Long Island R.R.*, 156 F.R.D. 55 (S.D.N.Y.1994). There, Plaintiff filed a personal injury action in state court against Allied and Amtrak but never successfully served Amtrak with process. *Id*. at 56. Allied answered and filed a third-party claim against Amtrak. *Id*. Amtrak appeared and removed the matter to federal court. *Id*. When the issue of whether the jury trial request made by Plaintiff under New York state court rules was sufficient to allow the case to be tried to a jury in federal court, the district court judge concluded as follows:

> In the present case, Aligheri failed to demand a jury trial within the time limits set forth in Rule 38(b). Nonetheless, he is entitled to a jury trial, pursuant to Rule 81(c), as he expressly demanded a jury trial in accordance with New York law prior to removal. See Note of Issue, annexed to the Amato Aff. as Exh. "1." Accordingly, Aligheri's motion for a jury trial is granted.
>
> The Court finds, however, that the third-party action may not be tried by jury, as Allied did not demand a jury trial in its third-party pleadings, and its time to do so has expired under Rule 38(b).

*Id.* at 57.

The correctness of our conclusion that Iowa Pipeline's motion should be granted is reinforced by the fact that, when Vectren filed its separate lawsuit as a hedge against the possibility that it might not be permitted to re-enter this case in order to assert its crossclaims and third-party claims after its prior dismissal, no jury demand was made by

Vectren in that separate action. To argue now that it was relying on Plaintiff's jury demand at the time it was allowed back into this case to pursue those same claims is, to us, entirely unconvincing. We hold that because no jury demand was made by Vectren relating to the claims yet to be tried, Iowa Pipeline's Motion to Vacate Jury Trial in Light of Missing Jury Trial Demand (Doc. #106) must be GRANTED. Accordingly, this cause is hereby re-designated for trial to the Court, which proceeding shall commence on January 26, 2009.

IT IS SO ORDERED  01/09/2009

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Norman T. Funk
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
tom@hfmfm.com

Richelle Marie Harris
FROST BROWN TODD LLC
rharris@fbtlaw.com

Laura L. Pamplin
VECTREN CORPORATION
llpamplin@vectren.com

Kevin C. Schiferl
FROST BROWN TODD LLC
kschiferl@fbtlaw.com

Patrick A. Shoulders

ZIEMER STAYMAN WEITZEL & SHOULDERS

pshoulders@zsws.com

Emily Dawn Smith

HILL FULWIDER MCDOWELL FUNK & MATTHEWS

emily@hfmfm.com

Keith W. Vonderahe

ZIEMER STAYMAN WEITZEL & SHOULDERS

kvonderahe@zsws.com